UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN WILSMAN,

    Plaintiff,

  vs.

QUICK CAPITAL FUNDING
LLC,

    Defendant.

Case No.
6:25-cv-1906-RBD-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on a review of the docket. On January 2, 2026, Plaintiff filed a Motion for Clerk's Entry of Default. Dkt. 12. On January 6, 2026, I denied Plaintiff's Motion and directed Plaintiff to file a motion to excuse his failure to comply with the requirements of Local Rule 1.10(b). Dkt. 13. Plaintiff did not file any motion and the time to do so has passed. Now, I respectfully recommend dismissing this matter without prejudice for Plaintiff's failure to comply the requirements imposed by the Local Rules.

As detailed in my previous Order, Plaintiff failed to comply with Local Rule 1.10(b)'s requirement of applying for entry of clerk's default

within twenty-eight days of a defendant's failure to plead or otherwise defend. Dkt. 13 at 1–2. Despite missing the deadline, Plaintiff did not move for an extension of time.

Plaintiff was warned that, if he failed to demonstrate excusable neglect by January 13, 2026, I would issue a Report and Recommendation recommending dismissal of this case for failure to prosecute under Local Rule 1.10(d). Dkt. 13 at 2. Despite this warning, Plaintiff has not filed any such Motion. Based on my warning that failure to demonstrate excusable neglect could result in dismissal, and Plaintiff's failure to move to extend the deadline, as required, I respectfully recommend the Court dismiss this case for failure to comply with the Local Rule 1.10 deadlines and for failure to prosecute under Local Rule 3.10.

## I.  RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court **DISMISS** this matter **without prejudice** for failure to comply with the requirements imposed by Local Rule 1.10 and for failure to prosecute under Local Rule 3.10.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within

14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

  **ENTERED** in Orlando, Florida, on January 14, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record